Injunction dissolved.

*Christopher P. Tappen* v. *John Gray.* J. W. EDMONDS, for complainant; D. GRAHAM, for defendant. The chancellor decided in this case that under the section of the Revised Statutes authorizing the governor to supply all *vacancies* which may happen during the recess of the senate, in offices to which an appointment has been made by the governor and senate, (1 R. S. 123, § 42,) he is not authorized to appoint a successor to a person whose term of office has expired during the recess but who still continues to discharge the duties of such office under the provision of the statute which authorizes him to hold over until a successor in the office is duly qualified, (1 R. S. 117, § 9;) there not being a *vacancy* in the office, in such a case, within the intent and meaning of the statute.

*Power of governor to supply vacancies in office.*

*Jurisdiction.*

That this court has no jurisdistion in a case of alleged intrusion by the defendant into an office belonging to the complainant, which will authorize it, upon an allegation of the defendant's insolvency, to grant an injunction, or to appoint a receiver for the preservation of the fees and emoluments of the office until the right to the same can be determined by

the proper tribunal upon an information in the nature of a quo warranto.

Decided that the complainant is entitled to the fees and emoluments of the office of flour inspector until he was superseded by the valid appointment of a successor. But upon the ground that the court has no jurisdiction to afford relief the decree of the vice chancellor reversed, and the demurrer allowed.